UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| DONNA KAVANAGH, ) | |
| ) | CIVIL COMPLAINT |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 3:20-cv-675 |
| AFFILIATE ASSET SOLUTIONS, ) | |
| LLC, ) | |
| ) | **JURY DEMAND** |
| Defendant. ) | |
| ) | |

## **COMPLAINT**

Now comes DONNA KAVANAGH ("Plaintiff"), complaining as to AFFILIATE ASSET SOLUTIONS, LLC, ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. § 1692 *et seq.* and the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. § 227 *et seq.*

### JURISDICTION AND VENUE

2. This action arises under the FDCPA and TCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. § 1692, as well as 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events giving rise to the claims occurred within this District.

[ 1 ]

**PARTIES**

4. Plaintiff is a natural person residing the State of Indiana.

5. Defendant is a third-party debt collector.

6. According to Defendant's website, it "was created by professionals with more than 100 years of experience in the Accounts Receivable Management industry."

7. Both Plaintiff and Defendant are "person[s]" as defined by 47 U.S.C. § 153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principles, trustees, sureties, subrogees, representatives, and insurers at all times relevant to the instant action.

**BACKGROUND**

9. On information and belief, Plaintiff incurred a medical debt (the "account").

10. On approximately September 10, 2019, Defendant received the account.

11. The account was in default prior to that point in time.

12. To collect upon the account, Defendant began placing calls to Plaintiff's cellular telephone.

13. Between September 10, 2019, and October 22, 2019, Defendant placed approximately 65 calls to Plaintiff to collect upon the debt.

14. Upon information and belief, Defendant placed these calls to Plaintiff using an autodialer.

15. The frequency of the calls, together with the various pauses heard when someone answers these calls, indicate that Defendant used an autodialer.

16. Further, when Plaintiff would answer Defendant's calls, she would hear pre-recorded voices. This further indicates that Defendant used an autodialer.

17. After the first few calls that she received, Plaintiff told Defendant over the phone to stop calling her.

18. This constituted an express withdrawal of any purported consent by Plaintiff to be contacted by Defendant.

19. Nevertheless, Defendant continued to place calls to Plaintiff.

20. Plaintiff again told Defendant on various other occasions to stop calling her, but Defendant did not.

21. This evidences that Defendant intended to harass Plaintiff over the debt by placing multiple calls.

22. Further, Defendant called Plaintiff's home phone and left messages regarding Plaintiff's debt.

23. A relative living with Plaintiff overhead these messages, causing Plaintiff embarrassment and annoyance.

### COUNT I — VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

24. Plaintiff realleges the paragraphs above as though fully set forth herein.

25. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

26. Defendant is a "debt collector" as defined by § 1692a(6) of the FDCPA because the principal purpose of its business is the collection of debts, and because it uses the instrumentalities of interstate commerce to do so.

27. In the alternative, Defendant is a "debt collector" under § 1692(a)(6) because it regularly collects or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

28. The debt at issue is a consumer debt because it was incurred for personal purposes, namely for medical care.

29. Defendant's actions violated:

   **a.** § 1692c because Defendant called Plaintiff's home phone and left messages about Plaintiff's debt, which were overhead by Plaintiff's relative, and thus Defendant improperly disclosed information regarding Plaintiff's debt to a third party; and

   **b.** § 1692d(5) because Defendant engaged in conduct that the natural consequence of which was to harass Plaintiff in connection with the collection of a debt, namely calling Plaintiff dozens of times after she told Defendant to stop calling her.

## COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

30. Plaintiff realleges the above paragraphs as though fully set forth herein.

31. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(A), prohibits calling persons on their cellular phones using pre-recorded voices or autodailers without their prior express consent.

32. Defendant violated the TCPA by placing calls to Plaintiff's cellular phone using a pre-recorded voice and/or an autodialer without Plaintiff's consent.

33. At no time did Plaintiff give prior express consent to Defendant permitting Defendant to contact Plaintiff using a pre-recorded voice or an autodialer.

34. In the alternative, if Plaintiff did ever give prior express consent to Defendant, she revoked that consent over the telephone by demanding that Defendant stop calling her.

35. Defendant's conduct in violating the TCPA was knowingly and willful.

36. Plaintiff is entitled to $500 per call under this count, trebled for knowing or willful violations.

WHEREFORE, Plaintiff respectfully requests judgment as follows:

    **a.**    Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. § 1692k(a)(2)(A);

    **b.**    Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1692k(a)(1);

    **c.**    Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1692k(a)(3);

    **d.**    Awarding Plaintiff the costs of this action;

    **e.**    Awarding Plaintiff $500 per violation of the TCPA, trebled for willful or knowing violations; and

    **f.**    Awarding any other relief as this Honorable Court deems just and appropriate.

**<u>A TRIAL BY JURY IS DEMANDED.</u>**

Dated:  August 13, 2020

                                                          <u>By:  s/ Jonathan Hilton</u>

                                                          Jonathan Hilton (0095742)
                                                          HILTON PARKER LLC
                                                          10400 Blacklick-Eastern Rd NW, Suite 110
                                                          Pickerington, OH 43147
                                                          Tel: (614) 992-2277
                                                          Fax: (614) 427-5557
                                                          jhilton@hiltonparker.com
                                                          *Attorney for Plaintiff*

[ 6 ]